UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

In the Matter of the Application of

TRUMP VILLAGE SECTION 4, INC.

                              Petitioner,

For a judgment to stay the arbitration commenced by

LOCAL 804 INTERNATIONAL BROTHERHOOD OF TEAMSTERS

                              Respondents.

**VERIFIED PETITION TO STAY ARBITRATION**

Civil Action No.
_____

Petitioner, Trump Village Section 4, Inc. ("Trump Village" or the "Company"), by its attorneys, Bond, Schoeneck & King, PLLC, submits this Verified Petition to Stay Arbitration alleges as follows:

## PARTIES

1. Petitioner, Trump Village, is a co-operative apartment complex located in Brooklyn, New York.

2. Trump Village is a signatory to a collective bargaining agreement (the "Agreement") with Local 804 International Brotherhood of Teamsters ("Local 804").

3. Local 804 is a labor organization that represents Trump Village's employees for the purposes of collective bargaining.

## JURISDICTION

4. The Court has jurisdiction over the present proceeding pursuant to 29 U.S.C. §185 and 9 U.S.C. §1 *et seq*.

14287638.2

## NATURE OF PROCEEDING

5. The present proceeding is brought by Petitioner, Trump Village, to temporarily stay an arbitration demanded by Respondent.

6. The arbitration should be stayed until a related proceeding before the National Labor Relations Board ("NLRB") is adjudicated.

## RELEVANT HISTORY

7. The Agreement between the Parties was effective November 1, 2016 through October 31, 2021.

8. Article 12 of the Agreement states:

This Agreement shall be a five-year agreement and go into full force and effect on November 1, 2016 and shall remain in full force and effect until October 31, 2021.

This Agreement shall continue in full force and effect from year to year thereafter, unless written notice of desire to cancel, amend or terminate the Agreement is served by either party upon the other at least sixty (60) days prior to the annual expiration date of any subsequent year.

9. Local 804 filed an unfair labor practice charge No. 29-CA-285394, on October 29, 2021 (the "the October ULP") with the NLRB, alleging that Trump Village failed and refused to bargain in good faith with the Union upon the expiration of the Agreement, in violation of the National Labor Relations Act ("NLRA") Section (8) (a) (5).

10. On April 22, 2022, the NLRB issued a Complaint and Notice of Hearing relating to the October ULP.

11. A NLRB hearing to adjudicate the October ULP between Trump Village and the NLRB is scheduled for August 2, 2022.

14287638.2

12. On or about January 3, 2022, Wayne Walker, a Handyman employed by Trump Village, was given a one (1) day unpaid suspension for failure to "clock in" for his shift on that day in violation of the Company's timekeeping procedures.

13. As a Handyman, Mr. Walker was a member of the Union and his employment was subject to the terms and conditions of the Agreement between the Parties.

14. The Union grieved Mr. Walker's suspension (the "Suspension Grievance").

15. At the same time, the Union filed a second unfair labor practice charge, No. 29-CA-290599, on February 14, 2022 ("February ULP"), alleging that Trump Village violated NLRA Section 8(a)(5) by failing to bargain in good faith as well as by disciplining employees under a "new punch in procedure." Mr. Walker was not specifically mentioned in the February ULP, but the policy in question is the one under which he was disciplined.

16. On February 4, 2022, the Union requested arbitration regarding Mr. Walker's suspension.

17. On March 7, 2022, Mr. Walker again failed to follow the Company's timekeeping procedures, and his employment was terminated.

18. The Union filed an unfair labor practice charge, No. 29-CA-293803, on March 28, 2022 ("March ULP") alleging that Trump Village violated NLRA Section 8(a)(5) by failing to bargain in good faith, as well as by terminating Mr. Walker's employment.

19. On May 3, 2022, during a Pre-Hearing Conference for the Suspension Grievance, Trump Village informed the assigned arbitrator, Robert Hertzog, that it would not participate in the arbitration due to pending nature of the October ULP before the NRLB.

20. In a Pre-Hearing Interim Decision on May 4, 2022, Arbitrator Hertzog found that the case was arbitrable and should proceed to a hearing.

14287638.2

21. The arbitration was held on May 23, 2022. Trump Village did not participate in the hearing and the arbitrator issued a Default Award in favor of the Union. Trump Village is in the process of moving to vacate this decision.

22. The Union also grieved the termination of Mr. Walker's employment (the "Termination Grievance") on March 28, 2022.

23. On May 13, 2022, the NLRB issued a Request for Information, including a request to take affidavits of Trump Village personnel, regarding the February ULP and March ULP.

24. On May 20, 2022, the Union filed an unfair labor practice charge, No. 29-CA-296138 with the NLRB ("May ULP"), alleging violations of NLRA Section 8(a)(5) regarding Trump Village's failure to bargain in good faith and participate in the grievance procedure, as well as its decision to deny Union officials access to Trump Village property.

25. The Union amended the March ULP on May 31, 2022, alleging that Trump Village violated the Agreement by refusing to participate in the grievance procedure related to the termination of Mr. Walker's employment.

26. On June 28, 2022, the Union unilaterally notified Mr. Hertzog that it was ready to schedule arbitration of Mr. Walker's termination. Mr. Hertzog then scheduled arbitration of the Termination Grievance for July 5, 2022 without input from Trump Village.

27. To date, Trump Village has not participated in the arbitration process relating to the Termination Grievance. Trump Village brings the current Verified Petition to stay the arbitration of the Termination Grievance.

28. No previous application has been made for the relief requested herein.

14287638.2

29. Accordingly, based upon the law set forth in the accompanying Memorandum of Law in Support of the Verified Petition to Stay Arbitration, the Court should respectfully issue a temporary stay of arbitration in this case until the NRLB adjudicates the October ULP.

WHEREFORE, Trump Village respectfully requests that this Court enter a Decision and/or Order: (1) temporarily staying the instant arbitration demanded by the Union; and (2) granting such other and further relief as may be just and proper.

DATED:  July 5, 2022

                        BOND, SCHOENECK & KING, PLLC

                        By:  /s/ Theresa Rusnak
                              Daniel F. Murphy, Esq.
                              Theresa Rusnak, Esq.
                       600 Third Avenue, 22nd Floor
                       New York, New York 10016
                       Telephone:  646.253.2300
                       E-mail: dmurphy@bsk.com
                       E-mail: trusnak@bsk.com

14287638.2

127386.1

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF KINGS              )

      Igor Oberman being duly sworn, deposes and says that deponent is the assistant secretary in this action, that deponent has read the foregoing verified petition to stay arbitration and knows the contents thereof, that the same is true to the knowledge of deponent, except as to such matters which are stated to be alleged on information and belief, and as to those matters deponent believes it to be true.

_____
Igor Oberman

Sworn to before me this

5th day of July, 2022.

_____
Notary Public

**MARIYA ALFIAROVICH**
Notary Public, State of New York
No. 01AL6339515
Qualified in Kings County
Commission Expires April 4, 2024

14287638.1

6