# EXHIBIT A

# Collective Bargaining Agreement

# Between

# Trump Village Section 4, Inc.

# And

# Local 804 International Brotherhood of Teamsters

# Effective November 1, 2016 through October 31, 2021

4821-3583-8524, v. 1

# Table of Contents

Page

Article 1.    Recognition and Union Status ...................................................................1

Article 2.    Wages, Hours & Working Conditions ........................................................2

Article 3.    Right of Management ...............................................................................3

Article 4.    No Strikes or Lockouts .............................................................................4

Article 5.    Savings Clause .........................................................................................4

Article 6.    Union Representation ...............................................................................4

Article 7.    Arbitration, Discipline and Discharge ......................................................5

Article 8.    Sub-Contracting ......................................................................................8

Article 9.    Joint Labor-Management Safety Committee ..............................................9

Article 10.   Hours ......................................................................................................10

Article 11.   Benefit Funds ..........................................................................................10

   Section 11.01    Welfare Fund ....................................................................................10

   Section 11.02    Retirement Plan ...............................................................................12

   Section 11.03    401(k) Plan .......................................................................................12

Article 12.   Duration .................................................................................................12

Article 13.   Differentials ...........................................................................................13

Article 14.   Pyramiding .............................................................................................13

Article 15.   Holidays .................................................................................................13

Article 16.   Employee's Birthday ...............................................................................14

Article 17.   Schedules ...............................................................................................14

Article 18.   Relief Employees .....................................................................................15

Article 19.   Method of Payment of Wages ...................................................................15

Article 20.   Replacements, Seniority, Promotions & Vacancies ....................................15

i

Article 21.    Leave of Absence ....................................................................16

Article 22.    Vacations ................................................................................17

Article 23.    Day of Rest .............................................................................18

Article 24.    Uniforms and Other Apparel ..................................................18

Article 25.    First Aid Kit ............................................................................19

Article 26.    First and Flood Call ................................................................19

Article 27.    Eye Glasses and Union Insignia .............................................19

Article 28.    Bulletin Board .........................................................................19

Article 29.    Sanitary Arrangements ...........................................................19

Article 30.    Reducing Force .......................................................................19

Article 31.    Termination Pay ......................................................................19

Article 32.    Tools, Permits & Fines ...........................................................20

Article 33.    Military Service .......................................................................21

Article 34.    Non-Discrimination .................................................................21

Article 35.    Check-Off ................................................................................22

Article 36.    Credit Union ............................................................................22

Article 37.    Employee's Room and Utilities ...............................................22

Article 38.    Disability Benefits Law-Unemployment Insurance Law .........22

Article 39.    Sickness Benefits ....................................................................23

Article 40.    Garnishment ............................................................................24

Article 41.    Bereavement ...........................................................................24

Article 42.    Jury Duty .................................................................................24

Article 43.    Parking Spaces ........................................................................24

Article 44.    Training ...................................................................................25

# Agreement

Agreement made the 1st day of November, 2016 between TRUMP VILLAGE SECTION 4, INC. (the "Employer"), and LOCAL 804 INTERNATIONAL BROTHERHOOD OF TEAMSTERS (the "Union").

Whereas, the Employer owns the premises located at 2928-2930-2932, 2940-2942-2944 West Fifth Street, Brooklyn, NY (the "Property");

Whereas, the Union represents certain building service employees employed by the Employer at the Property;

Whereas, the Employer and the Union are now entering into an Agreement for the Property;

Now, therefore, in consideration of the foregoing, the Employer and the Union hereby agrees as follows:

## Article 1.   Recognition and Union Status

1.     This Agreement shall apply to all occupational classifications of building service employees under the jurisdiction of the Union, which is recognized as their exclusive bargaining representative, but shall not apply to office clerical employees, professional employees, and supervisors (including but not limited to superintendents and assistant superintendents at the Property) as defined in the National Labor Relations Act, as amended.

2.     **Occupational Classifications.**

2.1.     A handyperson  is an employee who by training and experience possesses a certain amount of mechanical or training skill and devotes more than fifty percent (50%) of his/her working time in a building to work involving such skills.

2.2.     "Other" employees include porters and all other service employees employed in the building under the jurisdiction of the Union except handypersons.

3.      There shall be a Union shop requiring Union membership by every employee as a condition of employment. There shall be a six (6) month probationary period, after the 6th month that employee shall become a Union member. The Union shall not request the Employer to discharge or otherwise discriminate against any employee except in compliance with law.

4.      If the Employer receives a letter from the Union signed by its Secretary-Treasurer requesting the discharge of any employee for failure to comply with Paragraph 2 of this Article, unless the Employer questions the propriety of so doing, the employee shall be discharged within fifteen (15) days of said notice if prior thereto the employee does not take proper steps towards complying with Paragraph 2. If the Employer questions the propriety of the discharge, the Employer shall immediately submit the matter for arbitration. If the Arbitrator determines that the employee has not so complied, the employee shall be discharged within ten (10) days after written notice of such determination has been given to the Employer, unless the employee sooner takes proper steps to so comply.

5.      The Union agrees to hold the Employer harmless from any liability arising from any discharge pursuant to the provisions of this Article.

6.      Nothing in this Article shall be construed as an admission that the Employer or its employees are engaged in interstate commerce, in any activity affecting interstate commerce, in the production of goods for interstate commerce, or that the provisions of the Labor-Management Relations Act, as amended, cover any buildings.

## Article 2.    Wages, Hours & Working Conditions

1.      Employees shall receive weekly wage increases as follows:

| | |
|---|---|
| Effective November 1, 2016 | $15.00 per week |
| Effective November 1, 2017 | $15.00 per week |
| Effective November 1, 2018 | $18.00 per week |
| Effective November 1, 2019 | $22.00 per week |

4821-3583-8524, v. 1

Effective November 1, 2020    $25.00 per week

2.      The following base weekly wage rates shall apply, subject to any new hire wage progression:

| Job Classification | Effective November 1, 2016 |
|---|---|
| Handypersons | $1,000.00 |
| Others | $900.00 |

3.      Said wages shall be effective as of November 1, 2016 except as otherwise provided herein.

4.      New Employees shall receive 75% of the base weekly wage in their first 21 months of employment, 85% of the base weekly wage in their next 21 months of employment, and 100% of the base weekly wage thereafter.

5.      No provision of this Agreement shall be construed to lower the weekly, daily, hourly or part-time wage rate of any full or part-time employee. If the employees have in effect a practice of terms or conditions better than those provided for, herein, applicable generally with respect to compensation, hours, sick pay, vacation, holidays, such better terms and conditions shall be continued in effect for all employees who may now, or during the term of this Agreement, be employed in the building.

## Article 3.   Right of Management

1.      The Union recognizes management's right to direct and control its policies subject to the obligations of this Agreement.

2.      The employees will cooperate with management within the obligations of the Agreement to facilitate the efficient operation of buildings.

3.      If the Arbitrator finds that an employee has been unjustly discharged, he/she shall be reinstated to his/her former position and made whole without loss of seniority or rank and without reduction in salary.

4821-3583-8524, v. 1

## Article 4.   No Strikes or Lockouts

1.      During the term of this Agreement, there shall be no stoppage of work, strike, picketing or lockout, except as provided in Paragraph 2 of this Article. If any party to this Agreement, or member of the Union, violates this provision, the matter may be submitted immediately to the Arbitrator for such action as he/she deems necessary.

2.      If an award against the Employer by the Arbitrator for payments to the Welfare Fund or Retirement Plan is not complied with within thirteen (13) days after such award is sent by certified mail to the Employer or contractor, as the case may be, as his/her last known address, the Union may order a stoppage of work. Upon compliance with the Arbitrator's award and payment of lost wages, the stoppage of work or strike shall cease.

3.      Should an employee or employees engage in any strike during the term of this Agreement (other than as provided in Paragraph 2), and should the Employer notify the Union of such action, a representative of the Union shall, as promptly as possible, instruct such employees to cease such action and promptly return to their respective jobs and comply with the applicable provisions of this Agreement. The Union shall not be held liable for any violation of this Article where it appears that it has taken all reasonable steps to avoid and end any such violation.

## Article 5.   Savings Clause

If any provision of this Agreement shall be held or declared to be illegal or of no legal effect, said provision shall be deemed null and void without affecting the obligation of the balance of the contract.

## Article 6.   Union Representation

1.      The Employer recognizes the right of the Union to designate one (1) Shop Steward, one (1) Alternate Shop Steward, and one (1) Second Alternate Shop Steward. The Union shall notify the Employer in writing of the names of the Shop Steward, Alternate Shop Steward, and Second Alternate Shop Steward so designated by the Union shall be limited to, and shall not exceed the following duties and activities:

4821-3583-8524, v. 1

1.1.     The investigation and presentation of grievances in accordance with the provisions of this Agreement;

1.2.     The transmission of such messages and information which shall originate with, and are authorized by the Union or its officers, provided such message and information have been reduced to writing or, if not reduced to writing are of a routine nature and do not involve work stoppages, slowdowns, refusal to handle goods, or any other interference with the Employer's business.

2.     The Shop Steward, the Alternate Shop Steward, or the Second Alternate Shop Steward shall be permitted reasonable time to investigate, present, and process grievances on the Employer's property without interruption of the Employer's operation. Upon notification to his/her supervisor, a Shop Steward, Alternate Shop Steward, or Second Shop Steward shall be afforded the right to leave his/her work area for a reasonable period of time to investigate, present, and process grievances and to represent a fellow employee concerning grievances or discipline so long as such activity does not interrupt the Employer's operations. The Shop Steward, Alternate Shop Steward, and Second Shop Steward shall be compensated for all time during their working hours performing the functions described in this Article.

3.     The Employer recognizes the employees right to be represented by a Steward at such time as the employee reasonably contemplates disciplinary action. When requested by the employee, there shall be a Shop Steward, Alternate Shop Steward, Second Alternate Shop Steward, or Union Representative present whenever the Employer meets with an employee concerning discipline, investigatory interviews or grievances.

4.     The Shop Steward, Alternate Shop Steward, and Second Alternate Shop Steward are not permitted to take vacation simultaneously unless approved in writing by the Employer.

## Article 7.   Arbitration, Discipline and Discharge

1.     Employees will not be disciplined without just cause.

2.      Termination, suspension, or discipline of an employee may be immediate, provided the conditions in this Article are met, and such notice shall also be given to the Shop Steward and the Local Union Office. In all cases, the employee shall commence grievance procedures within ten (10) calendar days' notice of said termination, suspension, or discipline. The grievance procedure shall be as follows:

2.1.      **Step 1**: Between the immediate supervisor, the aggrieved employee, and the appropriate Union Representatives.

2.2.      **Step 2**: Between the Management designee, the aggrieved employee, and the appropriate Union Representatives, which shall occur within ten (10) calendar days of the Step 1 meeting.

3.      Verbal or written warnings shall be appealable by the employee to the grievance procedure up to and including Step 2, but shall not be further appealable to an Arbitrator. Within thirty (30) calendar days of the receipt of the Employer's reply to such a grievance, the employee and or the Union shall have the right to file a written response to the Written Reprimand and have said response inserted in the employee's personnel folder.

4.      Any dispute or grievance between the parties hereto (the Employer and the Union), which cannot be settled directly by them, within the grievance procedures herein, shall be submitted to arbitration within:

4.1.      Fifteen (15) calendar days of the alleged violation of this Agreement for discharge or suspension of employees;

4.2.      Thirty (30) calendar days of the alleged violation of this Agreement or all discipline other than discharge or suspension. Said Arbitrator shall also arbitrate such issues as may be initiated by the Trustees, respectfully, under the provision of this Agreement.

5.      Any grievance, except for the discharge or suspension of an employee and a grievance involving basic wage violation, shall be presented to the Employer in writing within thirty (30) calendar days of the Employer's alleged violation, unless the Employer agrees to an extension in writing.

4821-3583-8524, v. 1

6.     The decision and award of the Arbitrator shall be made as soon as practicable after the close of the hearing. By mutual consent, the time of both the hearing and decision may be extended in a particular case. If either party defaults in appearing before the Arbitrator, after having been given due written notice, the Arbitrator may render an award upon the testimony of the party appearing.

7.     Written notice means certified mail to the address specified in this Agreement or in the assumption or to a representative designated by the Employer or the Union.

8.     Arbitrator expenses shall be borne equally by the parties, except where the Employer is found by the Arbitrator to have violated any obligation under Article 11 of this Agreement. The Employer shall pay all expenses in connection with the arbitration.

9.     The contract arbitrator shall be selected from the following list:

> John Lloyd Anner
> Randi Lowitt
> Robert Herzog

In the event all of the arbitrators listed in this paragraph decline or are unable to serve, the parties shall jointly designate an arbitrator.

10.    The procedure herein outlined in respect to matters over which the Arbitrator has jurisdiction shall be the sole and exclusive method for the determination of all such issues, and the Arbitrator shall have the power to award appropriate remedies. The award of the Arbitrator shall be final and binding upon the parties and the employee or employees involved: provided, however, that nothing herein shall be construed to forbid either party from resorting to court for relief from, or to enforce rights from under any arbitrator award.

11.    In a proceeding to confirm the award of the Arbitrator, service may be made by certified mail within or without the State of New York as the case may be.

12.    Nothing in this Agreement shall preclude deferral where the National Labor Relations Act permits deferral. The parties agree that the arbitrator shall decide any unfair labor practice charges under the National Labor Relations Act.  In deciding

such issues, the arbitrator shall follow the procedures in this Agreement and applicable National Labor Relations Act principles and requirements.

13.     Claims made pursuant to 12 N.Y.C.R.R. § 195-5 for wage deductions to recover advances and overpayments shall be subject to the grievance and arbitration procedure as sole and exclusive remedy

## Article 8.   Sub-Contracting

1.     During the terms of this Agreement, the Employer shall not enter into any agreement contracting for the performance of work and/or for the categories of work heretofore performed by employees covered by this Agreement, except within the provisions and limitations set forth below.

2.     The Employer shall give advance notice to the Union at least three (3) weeks prior to the effective date of its contracting for service, or changing contractors, indicating name and address of contractor.

3.     The Employer shall require the contractor to become party to this Agreement and to file written assumption hereof, on the Union's form, with the Union, and the contractor shall have all the rights and obligations of the Employer under the terms and provisions hereof. However, the Union shall have the right to reject the assumption in any case where the contractor has failed to make proper payments to the Welfare Fund and/or Retirement Plan or has habitually failed to comply with the obligations of the labor agreements with the Union covering other buildings in the industry. The Union's refusal to accept the contractor's assumption shall not be arbitrary and the Employer may have such refusal reviewed by the Arbitrator.

4.     The Employer agrees that employees then engaged in the particular work which is contracted out shall become employees of the initial contractor or any successor contractor, and agrees to employ or re-employ those employees in the employment of the contractor at the time of termination or cancellation of the contract. This provision shall not be construed to prevent termination of any employee's employment under other provisions of this Agreement relating to illness, retirement, discharge for cause, or layoff by reason of reduction in force, it being agreed, however, that contractor may not reduce force or change the work schedule without first

obtaining the written consent of the Union, which shall not be unreasonably withheld and which shall be subject to arbitration.

5.      In the event the contractor fails to comply with any of the terms and provisions of this Agreement, the Employer shall be liable severally, and jointly with the contract, for any and all damages sustained by the employees as a result thereof, or for any unpaid Welfare Fund and/or Retirement Plan contributions.

## Article 9.    Joint Labor-Management Safety Committee

1.      In an effort to maintain a safe work environment and to promote safe practices, which are of vital interest to the Employer, the employee, and the public, the Employer, its employees, and the Union agree to the formation of a Joint Labor Management Safety Committee (the "Committee").

2.      It shall be the purpose of the Committee to monitor work practices, job conditions and any conditions affecting employment, which may be or have the potential to be, detrimental to the safety of the employees of the Employer.

3.      The Committee shall consist of such number of representatives, as the Committee deems necessary to performs it work, provided however, that the Committee shall consist of an equal number of representatives from Management and Labor.

4.      The Committee is charged with the responsibility of carrying out its work in a manner, which will effectuate the spirit and policies of industrial stability, and will endeavor always to maintain and to promote a harmonious relationship between Management and Labor.

5.      It being the responsibility of the Employer, under the Williams – Steiger Occupational Safety and Health Act, to provide and maintain a safe work environment, it is incumbent upon the Committee to report any unsafe conditions as per Section 2 above, to the attention of the Employer, together with all information, which the Committee has complied.

4821-3583-8524, v. 1

## Article 10.  Hours

1.      Any employee who has worked eight (8) hours per day and is required to work an additional four (4) hours or more in that day shall receive $10.00 for meal expenses.

2.      The standard workweek shall be forty (40) hours, consisting of five (5) days of eight (8) hours each exclusive of a forty-five (45) minute to one (1) hour unpaid meal break. Two days off in such a standard workweek need not be consecutive. Full-time employees shall receive two 15-minute paid breaks during an employee's eight (8) hour shift at a time assigned by Management. Anything to the contrary in this Agreement or as a practice notwithstanding, no additional break or meal time shall be taken without prior approval of a supervisor.

3.      Overtime at the rate of time and one-half (1 ½) the hourly rate shall be paid for all hours worked in excess of eight (8) hours per day or in excess of the standard workweek of forty (40) hours, whichever is greater. A paid holiday shall be considered as a day worked for computing overtime.

4.      Unpaid meal breaks shall not be less than forty-five (45) minutes or more than one (1) hour and no employee shall be required to take time off in any workday in excess of one (1) hour for a meal break without having such time charged against the Employer as working time.

5.      No full-time employee shall have his/her regular working hours, as set forth above, reduced below the standard workweek in order to effect a corresponding reduction in pay.

6.      Hours of work for all full-time employees shall be consecutive each day except for the lunch period.

## Article 11.  Benefit Funds

*Section 11.01      Welfare Fund*

1.      The Employer agrees to make contributions to the Local 804 Welfare Trust Fund (the "Welfare Fund") for the purpose of covering employees, including such employees of other Employers in or connected with the industry for whom

4821-3583-8524, v. 1

contributions are paid with Welfare benefits under such provision, rules, regulations, as may be determined by the Trustees of the Fund.

2.      The Employer shall make the following monthly contributions to the Welfare Fund per employee:

| | |
|---|---|
| Effective November 1, 2016 | $805.00 per week |
| Effective November 1, 2017 | $845.00 per week |
| Effective November 1, 2018 | $890.00 per week |
| Effective November 1, 2019 | $945.00 per week |
| Effective November 1, 2020 | $1,000.00 per week |

3.      The Employer shall make payments to the Welfare Fund for benefits for:

3.1.      Post-probationary employees covered by the provision of this Agreement who are regularly employed by the Employer for twenty-one (21) hours or more per week; and

3.2.      Such other employees as the Employer may contribute for, subject to the consent of the Trustees of the Welfare Fund.

4.      The Employer shall continue to contribute to the Welfare Fund at the rate provided for in Article 11 of this Agreement per month, payable in advance for each employee, except as provided for in Article 11 of this Agreement, to be paid at such times and in such manner as may be determined by the Trustees, to provide coverage of employees and their dependent families with Welfare benefits under such provisions, rules, and regulations as may be determined by the Trustees of the Welfare Fund.

5.      If the Employer fails to make the required reports or payments to the Welfare Fund, the Trustees may, in their sole and absolute discretion, take any action necessary, but not limited to, arbitration and suits at law, to enforce such reports and payments, together with interest at the rate of six percent (6%) per annum and any and all expenses of collection, including but not limited to, counsel fees, arbitration costs and fees, and court costs.

4821-3583-8524, v. 1

6.      Employees included under said Welfare Fund shall be covered in accordance with the provision of the Agreement and Declaration of Trust establishing the Welfare Fund.

7.      Where, during the term of this Agreement, an employee's employment is terminated for any reason, the employee or members of his/her family entitled to benefits under the Welfare Fund shall continue to be effectively covered at the Welfare Fund's expense for such periods and for such benefits as may be determined under such provisions, rules, and regulations as may be determined by the Trustees.

8.      The Employer is required promptly to notify the Welfare Fund of termination and if it fails to do so, it shall be liable for any result of such failure to notify.

*Section 11.02      Retirement Plan*

The Employer agrees to contribute the following per hour per post-probationary employee to the Local 804 I.B.T. and Local 447 I.A.M. – UPS Multi-Employer Retirement Plan ("Retirement Plan") for all regularly scheduled hours worked (including paid time off):

|                         |                  |
| ----------------------- | ---------------- |
| Effective November 1, 2016 | $1.70 per hour |
| Effective November 1, 2017 | $1.75 per hour |
| Effective November 1, 2018 | $1.80 per hour |
| Effective November 1, 2019 | $1.85 per hour |
| Effective November 1, 2020 | $1.90 per hour |

*Section 11.03      401(k) Plan*

The Employer agrees to continue to maintain the 401(k) Plan for the employees.

## Article 12.  Duration

This Agreement shall be a five-year agreement and go into full force and effect on November 1, 2016 and shall remain in full force and effect until October 31, 2021.

4821-3583-8524, v. 1

This Agreement shall continue in full force and effect from year to year thereafter, unless written notice of desire to cancel, amend, or terminate the Agreement is served by either party upon the other at least sixty (60) days prior to the annual expiration date of any subsequent year.

## Article 13.  Differentials

1.      Existing wage differentials between classes of workers within a building shall be maintained throughout the term of the Agreement.

2.      It is recognized that pay differentials other than those required in this Agreement may now or hereafter arise or exist because of pay rates above the minimum required by this Agreement. No change in such differentials shall be considered a violation of this Agreement unless it appears that such change results from an attempt to break down the wage structure for said building.

## Article 14.  Pyramiding

There shall be no pyramiding of overtime pay. Where overtime pay is due for more than one reason, it shall be computed on the basis giving the greater amounts.

## Article 15.  Holidays

1.      The following are recognized holidays:

| | |
|---|---|
| New Year's Day | Labor Day |
| Martin Luther King Jr. Day | Columbus Day |
| President's Day | Veteran's Day |
| Good Friday | Thanksgiving Day |
| Memorial Day | Christmas Day |
| Independence Day | |

2.      Employees will be entitled to two hours off without pay if required to work on Election Day.

3.      Employees shall receive the straight-time pay for said holidays as such and if required to work any such holiday, shall receive additional time and one-half for hours worked on a holiday. In order to receive holiday pay under this Article,

4821-3583-8524, v. 1

employees must work their scheduled work days immediately before and after the scheduled holiday, unless the employee provides a legitimate doctor's note.

4.      Any regular full-time employee sick in any payroll week in which a holiday falls is entitled to holiday pay or a day off if he/she worked at least one (1) day during said payroll week.

5.      Any regular full-time employee whose regular day off, or one of whose regular days off, falls on a holiday, shall receive an additional day's pay, therefore, or, at the option of the Employer, an extra work day off within seven (7) days immediately preceding or succeeding the holiday. This shall not count as hours worked for purposes of calculating overtime.

## Article 16.  Employee's Birthday

1.      An employee shall in the Employer's discretion receive a paid day off or one (1) day's pay in lieu of a day's off for that employee's birthday. The employee must give the Employer at least two (2) weeks' advance written notice of his/her birthday or another day in lieu of the actual birthday.

2.      Where such notice is untimely, the Employer may give the employee an additional day's pay or an extra day off within thirty (30) days following such notice, in the Employer's discretion.

3.      Hours paid for an employee's birthday shall not count as hours worked for purposes of calculating overtime.

4.      Except in a leap year, March 1 shall be considered the birthday of any employee born on February 29.

## Article 17.  Schedules

Overtime and holiday work shall be evenly distributed so far as is compatible with the efficient operation of the Property. Overtime and holiday work will be offered on a rotating basis based initially on seniority. In all events, any employee must be qualified for the position for which overtime is needed.

4821-3583-8524, v. 1

## Article 18.  Relief Employees

So-called relief employees or part-time employees shall be paid not less than 60% of the base hourly rate as for full-time employees in the same occupational classification as set forth in Article 1, Paragraph 2 and Article 2, Paragraph 2. If the Employer pays a so-called relief or part-time employee above 60% of the base hourly rate, such wage rate shall not have precedential effect and shall not be construed to alter or modify this Article 18.

## Article 19.  Method of Payment of Wages

All wages, including overtime, shall be paid weekly by direct deposit or debit card. If a regular payday falls on a holiday, employees shall be paid on the preceding day.

## Article 20.  Replacements, Seniority, Promotions & Vacancies

1.      Preference shall be given to those employed at the Property in filling vacancies and newly created positions. Such replacement shall be based on seniority, but training, ability, efficiency, appearance, and personality for that particular job shall also be considered by the Employer. In the event that training, ability, efficiency, appearance, and personality are equal, seniority shall be the deciding factor.

2.      Individuals employed as "extras" or contingents with substantial regularity for a period of four (4) months or more shall receive preference in steady employment, other considerations being equal.

3.      In case of layoffs, occasioned by reduction of force, departmental seniority shall be followed (except as provided under Article 31, Paragraph 3), with due consideration for the training, ability, efficiency, appearance, personality, and special needs of the department.

4.      In the application of the foregoing paragraphs, the judgment of the Employer shall control subject to arbitration.

4821-3583-8524, v. 1

## Article 21.  Leave of Absence

1.      **Personal Leave of Absence.** Once during the term of this Agreement, upon written application to the Employer, a regular full-time employee employed at the Property for five (5) years or more, shall be granted a leave of absence without pay, not to exceed three (3) months for personal reasons.

2.      **Medical Leave of Absence.**

2.1.      Once during the term of this Agreement, and in addition to the leave of absence under Paragraph 1 of this Article, a regular full-time employee employed at the Property for five (5) years or more, shall be granted a leave of absence without pay, not to exceed three (3) months for medical reasons. Eligible employees may apply to extend the leave of absence under this paragraph up to an additional three (3) months upon written application to the Employer, which request shall not be unreasonably denied.

2.2.      Employees with ten (10) years of service may apply for a second extension of the leave described in Art. 21 (2.1) of up to three (3) months upon written application to the Employer, which request shall not be unreasonably denied.

2.3.      Leaves of absence without pay under this paragraph for employees employed for more than five (5) years but less than ten (10) years shall not exceed six (6) months. Leaves of absence without pay under this paragraph for employees employed for more than ten (10) years shall not exceed nine (9) months.

3.      Provided that the employee has not exceeded his/her authorized leave, when such employee is physically and mentally (as the case may be) able to resume work, he/she shall on one (1) week's prior written notice to the Employer be then returned to work with no loss of seniority, subject to providing documentation requested by the Employer.

4821-3583-8524, v. 1

## Article 22.  Vacations

1.      Every employee employed with substantial continuity at the Property or by the Employer, shall receive each year a vacation with pay as follows:

| | |
|---|---|
| Employees who have worked at least 6 months | 3 days |
| Employees who have worked at least 1 year | 1 week |
| Employees who have worked at least 2 years | 2 weeks |
| Employees who have worked at least 4 years | 3 weeks |
| Employees who have worked at least 10 years | 4 weeks |
| Employees who have worked at least 15 years | 5 weeks |

2.      Length of employment for vacation shall be based upon the amount of vacation an employee would be entitled to on May 1st of the year in which the vacation is given, subject to grievance and arbitration where the result is unreasonable.

3.      Vacations shall be scheduled between April 1st and November 14th of each calendar year unless the Employer pre-approves otherwise in writing. Employees will be eligible to take winter vacations between November 15th and March 31st upon written approval from the Employer.

4.      No more than one (1) employee in the handyperson classification and no more than one (1) employee in the others classification per building shall be eligible to take vacation per week between November 15th and March 31st, and employees shall take no more than two (2) weeks during this period, unless approved in writing by the Employer. The Employer will post a vacation schedule on April 1st of each year or as soon as practicable. Employees will pick vacations by seniority, subject to the needs of the operation.

5.      Part-time employees regularly employed shall receive proportionate vacation allowances based on the average number of hours per week they are employed.

4821-3583-8524, v. 1

6.      For employees who are entitled to one (1), two (2), three (3), four (4), or five (5) weeks' vacation, only actual working days shall count as part of the allowed vacation, and regular days off and holidays falling during the vacation period shall not be counted. If a holiday falls during the employee's vacation, he/she shall receive an additional day's pay therefore, or, at the Employer's option, an extra day off within seven (7) days immediately preceding or succeeding his/her vacation.

7.      Vacation wages shall be paid prior to the vacation period unless otherwise requested by the employee, who is entitled to an actual vacation and cannot be required to accept money in lieu thereof.

8.      When compatible with the proper operation of the Property, choice of vacation periods shall be according to seniority and vacation shall be confined, except as noted above, to the period beginning April 1st and ending November 14th of each year.

9.      Employees shall take vacation in full weeks and shall not take more than three (3) vacations per year without the General Manager's written approval, which may be withheld in the Manager's sole discretion.

10.      Any employee whatsoever, leaving his/her job for any reason, shall be entitled to their accrued but unused vacation prorated from January 1 of the calendar year in which they leave to the date of their leaving.

11.      No employee leaving his/her position of his/her own accord shall be entitled to accrued vacation credits unless he/she gives five (5) working days' termination notice.

## Article 23.  Day of Rest

Each employee shall receive at least one (1) full day of rest every seven (7) days.

## Article 24.  Uniforms and Other Apparel

Uniforms and work clothes shall be supplied and maintained by the Employer. Employees doing outside work for a substantial part of their time shall be furnished adequate wearing apparel.

4821-3583-8524, v. 1

## Article 25.  First Aid Kit

A complete first aid kit shall be maintained by the Employer, readily available to all employees.

## Article 26.  First and Flood Call

Employees, when on fire/flood call, shall be reimbursed for all loss of personal effects incurred in the line of duty.

## Article 27.  Eye Glasses and Union Insignia

Employees may wear eye glasses and the Union insignia while on duty.

## Article 28.  Bulletin Board

A bulletin board shall be furnished by the Employer exclusively for Union announcements and notices of meetings.

## Article 29.  Sanitary Arrangements

Adequate sanitary arrangements shall be maintained and individual locker and key thereto and rest room key, where rest room is provided, and soap, towels, and washing facilities shall be furnished by the Employer for the use of every employee.

## Article 30.  Reducing Force

In reducing force, the Employer is required, in addition to their accrued vacation credits and termination pay, if any, to give employees who have been employed for one (1) year, at least one (1) week's notice of layoff or discharge, or in lieu thereof, an additional week's pay. In addition, except for normal or routine reduction, the Union shall be given at least two (2) weeks' advance written notice.

## Article 31.  Termination Pay

1.      In case of termination of employment based on the employee's uncontested physical or mental inability to perform his/her duties, or from reduction in force, the employee shall receive, in addition to his/her accrued vacation credits,

termination pay according to years of service at the Property or with the Employer on the following basis:

| | |
|---|---|
| Employees with 1 year of service or more | 1 week's pay |
| Employees with 2 years of service or more | 2 weeks' pay |
| Employees with 3 years of service or more | 3 weeks' pay |
| Employees with 5 years of service or more | 4 weeks' pay |
| Employees with 15 years of service or more | 8 weeks' pay |

2.      Any employee physically or mentally unable to perform his/her duties may resign and receive the foregoing termination pay if he/she submits satisfactory evidence of such inability. If the Employer does not deem the evidence satisfactory, the question may be submitted to arbitration.

3.      The right to accept termination pay and resign where there has been a reduction in force shall be determined by seniority (i.e. termination pay shall be offered to the most senior employee, then to the next most senior and so on until the offer is accepted). If no employees shall be terminated and shall receive any termination pay to which he/she or they are entitled.

4.      "Week's pay" for the purpose of the above paragraph means the regular straight time weekly pay at the time of termination. If the Employer offers part-time employment to the employee entitled to termination pay, he/she shall be entitled to termination pay for the period of his/her full-time employment, and if the employee accepts such part-time employment, he/she shall be considered a new employee for all purposes.

5.      In the event the employee is discharged for just cause, he/she shall not be entitled to termination pay.

## Article 32.  Tools, Permits & Fines

All special tools shall be supplied, maintained, and replaced by the Employer, and the Employer shall bear the expense of permits, licenses, and certificates for special

4821-3583-8524, v. 1

equipment necessary for the operation of the Property. The Employer will pay all fines imposed for the violation of any codes, ordinances, administrative regulation, statutes, etc., except when the same shall have resulted from the employee's willful disobedience.

## Article 33. Military Service

All statutes and valid regulations, relative to the reinstatement and employment of veterans, shall be observed.

## Article 34. Non-Discrimination

1.      There shall be no discrimination against any present or future employee by reason of race, creed, color, age, disability, national origin, sex, sexual orientation, union membership, or any characteristic protected by law, including but not limited to claims made pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, 42 U.S.C. Section 1981, Family and Medical Leave Act, the New York State Human Rights Law, the New York City Human Rights Code, or any similar laws, rules, or regulations. All such claims shall be subject to the grievance and arbitration procedure as sole and exclusive remedy for violations. Arbitrators shall apply appropriate law in rendering decisions based upon claims of discrimination.

2.      No Discrimination Protocol: Claims under this Article not pursued by the Union shall be subject to arbitration using the panel of arbitrators set out above.

3.      Nothing in this Agreement shall be construed to require the Union to participate in an arbitration for claims under this Article. Where the Union is not a participant to an arbitration under this Article, the arbitration costs shall be allocated evenly among the participating parties.

4.      The provisions in this Article establish a forum for the resolution of claims, but are not a concession or admission that the Employer is subject to the laws mentioned.

5.      The Employer will pay the full fee for any employee hired through a fee-charging agency.

4821-3583-8524, v. 1

## Article 35.  Check-Off

The check-off system shall prevail, and the Employer agrees to deduct from the salaries of the employees, dues and membership fees, and remit such monies directly to the Union on or before the tenth (10th) day of each month following submission by the Union of the employee's authorization for such deductions.

## Article 36.  Credit Union

The Employer agrees to deduct specific amounts each week from the wages of those employees who have given the Employer written authorization to make such deductions. The amount so deducted shall be remitted to the Local 804 Credit Union. The Employer shall not make deductions for those weeks during which the employee has no earnings or in those weeks in which the employee's earnings shall be less than the amount authorized for deductions.

## Article 37.  Employee's Room and Utilities

1.      Any employee occupying a room or apartment on the Employer's property may be charged a reasonable rental therefore, unless such occupancy is a condition of his/her employment, in which case the premises shall be adequate, no rent shall be charged, and the Employer shall provide normal gas and electric service and pay business telephone bills.

2.      If the Employer discontinues the services of an employee occupying living spaces at the Property, the Employer shall give the employee thirty (30) days' written notice to vacate the premises, except where the employee is discharged for a serious breach of his/her contract of employment.

## Article 38.  Disability Benefits Law-Unemployment Insurance Law

1.      The Employer agrees to cover the employees under the New York State Disability Benefits Law on a non-contributory basis, whether or not such coverage is mandatory.

2.      The Employer agrees to cover the employees under the New York State Unemployment Insurance Law, whether or not such coverage is mandatory.

3.      Failure to cover employees as herein provided shall make the Employer liable to an employee for all loss of benefits and insurance.

4.      The Employer will cooperate with employees in the processing of their claim and shall keep available all necessary forms properly addressed and shall post adequate notice of places for filing. Any violation by the Employer, including, but not limited to, posting notices or furnishing forms shall be subject to arbitration.

## Article 39.  Sickness Benefits

1.      Employees shall be entitled to ten (10) days' sick leave with pay in any one calendar year after one (1) year of employment with pay for bona fide illness or other purposes specifically authorized under the New York City Earned Sick Time Act ("Sick Leave Act"). Sick leave that is not completely used by the employees is not carried over from year-to-year. Employees shall receive their regular hourly rate of pay for all sick leave used. The Employer may request a doctor's certificate in the case of an employee's illness of more than three (3) consecutive days where an employee is using paid sick leave under this Paragraph. For the purposes of this Section, it shall be considered that one (1) year's employment at the Property has been reached on the first day of the calendar year following the anniversary day of employment.

2.      Where the need for sick leave is reasonably foreseeable, employees must give the Employer seven (7) days' written notice of an employee's intent to use a sick day. Where the need for sick leave is not reasonably foreseeable, employees shall give notice to the Employer of their intent to use a sick day as soon as possible.

3.      Any employee whose one (1) year anniversary of employment falls within the calendar year shall be entitled to sick leave with pay on a pro rata basis from their one (1) year anniversary to December 31st.

4.      For all full-time employee during the period of January 1st through December 31st of any calendar year who have not used their sick leave during that period shall be paid for all unused sick leave after the year's end.

5.      All employees after employment of one (1) year shall be entitled to one (1) day off with pay for an annual medical check-up.

6.      In order to be eligible for a sick day on the day before or the day after a holiday, employees must provide a doctor's note.

7.      The parties have bargained for wages and benefit increases in lieu of any benefits under the Sick Leave Act. The benefits provided for in this Agreement are more generous than those provided for in the Sick Leave Act. Therefore, the provisions of that Sick Leave Act are hereby waived.

## Article 40.  Garnishment

The service of a second income execution as defined in Section 5252 of the Civil Practice Law and Rules shall not be construed as permitting the Employer to discharge the employee, but any discharge for any reason shall be subject to grievance and arbitration where consideration will be given to all circumstances of the case.

## Article 41.  Bereavement

Any employee who suffers a death in the immediately family shall be entitled to three (3) days off with pay. Immediate family is defined as spouse, child, mother, father, sister, brother. Any employee whose grandmother or grandfather, mother-in-law or father-in law suffers a death, will be paid for one (1) day.

## Article 42.  Jury Duty

Any employee with five (5) year continuous service, who is called for Jury Duty and reports for same, shall be paid the difference between Jury Duty pay and their regular earnings until such time as they are released from Jury Duty. Any employee who receives notice to serve on Jury Duty must notify the Employer when such notice is received.

## Article 43.  Parking Spaces

The Employer leases on a month-to-month basis a parking lot near the Property in which the Employer rents parking spaces to certain employees employed at the Property. If the Employer's lease for this parking lot is terminated for any reason, the Employer's courtesy (if any) of renting parking spaces to employees shall cease. The Employer has no obligation to rent parking spaces to employees employed at the

4821-3583-8524, v. 1

Property in any parking lot other than the lot that the Employer leases on a month-to-month basis. Nothing in this paragraph shall be construed to limit the Employer's authority to cease to rent a parking space to an employee where an employee violates the rules of the parking lot, engages in misconduct, or in connection with other employee discipline.

## Article 44.  Training

1.      Once during the term of this Agreement, the Employer shall reimburse an employee who enrolls in an accredited educational institution and takes a class and/or receives training directly related to the maintenance, repair, or service of the Property for the cost of such class and/or training up to One Thousand Dollars ($1,000.00), provided that:

    1.1.      The Employer, in its sole discretion, gives written approval prior to the employee registering for the class and/or training; and

    1.2.      The employee obtains a grade of C or better or receives credit towards certification.

2.      The Employer may, in its sole discretion, reimburse an employee for more than One Thousand Dollars ($1,000.00), which reimbursement shall not be precedential.

3.      Employees shall take a class and/or receive training under this Article on non-working time.

**Trump Village Section IV, Inc.**          **Local 804 International Brotherhood of Teamsters**

2928 West 5th Street                              34-21 Review Avenue
Brooklyn, NY 11244                              Long Island City, NY 11104

By: _____          By: _____

   Igor Oberman   *Felix Khusid*          John Piccinich
   General Manager  *President of*          Secretary/Treasurer
            *the Board*
         *of Directors.*
Date:                *11/10/2016*  Date: *November 7, 2016*

4821-3583-8524, v. 1

Extension Agreement

Between

Trump Village Section 4, Inc.

And

## Local 804, International Brotherhood of Teamsters

**Whereas**, Trump Village Section 4, Inc. ("Employer") owns the premises located at 2928-2930-2932, 2940-2942-2944 West Fifth Street, Brooklyn, NY (the "Property");

**Whereas**, Local 804 International Brotherhood of Teamsters ("Union") represents certain employees employed by Employer at the Property;

**Whereas**, Employer and Union were parties to a collective bargaining agreement that covered the terms and conditions of the employees employed by Employer at the Property that expired on May 31, 2016 ("2011-2016 CBA");

**Whereas**, Employer and Union desire to extend the 2011-2016 CBA through and including October 31, 2016, with certain modifications;

**Now, therefore,** Employer and Union hereby agree as follows:

1.     The Employer and the Union hereby extend the 2011-2016 CBA through and including October 31, 2016, with the modifications set out in this extension agreement.

2.     The Employer shall make a one-time, lump sum payment of Three Hundred Fifteen Dollars ($315.00) to each employee employed by the Employer as of the date this Agreement is fully executed. Employees who did not work full-time during the period from June 1, 2016 to October 31, 2016 shall receive the one-time payment pro-rated based on their actual days worked.

3.     This Agreement is subject to ratification by membership of the Union and the governing board of the Employer.

4.     This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument. Signatures delivered by facsimile or PDF shall be effective for all purposes.

4831-1061-4587, v. 1                 Page 1 of 2

# CLIFTON BUDD & DEMARIA, LLP
## ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE, 61ST FLOOR
NEW YORK, NY 10118

TEL 212.687.7410
FAX 212.687.3285
WWW.CBDM.COM

November 10, 2016

**Via Hand Delivery**

Walter Kane, Esq.
Cary Kane LLP
1350 Broadway, Suite 1400
New York, NY 10018

Re:      Trump Village Section 4, Inc.

Dear Walter:

I enclose an original signed Extension Agreement and Collective Bargaining Agreement between Trump Village Section 4, Inc. and Local 804 IBT. Please confirm receipt of the signed agreements.

Thank you.

Very truly yours,
CLIFTON BUDD & DEMARIA, LLP

By: _Daniel H. Rowoth_

Daniel H. Rowoth

Enclosures (2)

RECEIVED
NOV 10 2016
CARY KANE LLP

# EXHIBIT B

FORM EXEMPT UNDER 44 U.S.C 3512

INTERNET
FORM NLRB-501
(2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 29-CA-285394 | 10/29/2021 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer  Trump Village IV | | b. Tel. No. (718) 946-4800 |
|---|---|---|
| | | c. Cell No. |
| | | f. Fax No. |
| d. Address *(Street, city, state, and ZIP code)*  2928 West 5th Street  NY Brooklyn 11224 | e. Employer Representative  Igor Oberman  General Property Manager | g. e-Mail  igoroberman@aol.com |
| | | h. Number of workers employed  30 |
| i. Type of Establishment *(factory, mine, wholesaler, etc.)*  Services | j. Identify principal product or service  Residential Porters | |

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* 5 of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

--See additional page--

| 3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*  Joshua Pomeranz               Title: Director of Operations  Local 804, IBT | | |
|---|---|---|
| 4a. Address *(Street and number, city, state, and ZIP code)*  34-21 Review Avenue  NY queens 11101 | | 4b. Tel. No. (718) 786-5700 |
| | | 4c. Cell No. |
| | | 4d. Fax No. |
| | | 4e. e-Mail  j.pomeranz@teamsterslocal804.org |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

| 6. DECLARATION  I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | Tel. No. (718) 786-5700 |
|---|---|
| By _(signature of representative or person making charge)_            Joshua Pomeranz  Title: Director of Operations  _(Print/type name and title or office, if any)_ | Office, if any, Cell No. |
| | Fax No. |
| Address    34-21 Review Avenue  queens NY 11101                    10/29/2021 11:36:28 AM  _(date)_ | e-Mail  j.pomeranz@teamsterslocal804.org |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

## Basis of the Charge

**8(a)(5)**
Within the previous six months, the Employer failed and refused to bargain in good faith with the union as the collective bargaining representative of its employees.

# EXHIBIT C

UNITED STATES OF AMERICA
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 29**

**TRUMP VILLAGE SECTION 4, INC.**

    **and**                                           **Case No. 29-CA-285394**

**LOCAL 804, INTERNATIONAL BROTHERHOOD**
**OF TEAMSTERS**


### COMPLAINT AND NOTICE OF HEARING

This Complaint and Notice of Hearing is based on a charge filed by Local 804, International Brotherhood of Teamsters ("Union"). It is issued pursuant to Section 10(b) of the National Labor Relations Act ("Act"), 29 U.S.C. § 151 et seq., and Section 102.15 of the Rules and Regulations of the National Labor Relations Board ("Board") and alleges that Trump Village Section 4, Inc. ("Respondent") has violated the Act as described below.

1.      The charge in Case No. 29-CA-285394 was filed by the Union on October 29, 2021, and a copy was served by U.S. mail on Respondent on November 1, 2021.

2.      The first amended charge in Case No. 29-CA-285394 was filed by the Union on February 28, 2022, and a copy was served by U.S. mail on Respondent on February 28, 2022.

3.      The second amended charge in Case No. 29-CA-285394 was filed by the Union on April 5, 2022, and a copy was served by U.S. mail on Respondent on April 6, 2022.

4.      (a)      At all material times, Respondent has been a domestic corporation with an office and place of business located at 2928 West 5th Street, Brooklyn, New York ("Brooklyn facility"), and has been engaged in the operation of a residential cooperative apartment building.

1

(b)     During the past year, which is representative of its annual operations in general, Respondent has derived gross annual revenues in excess of $500,000 and purchased and received at its Brooklyn facility, goods and services valued in excess of $5,000 directly from suppliers located outside the State of New York.

5.     At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

6.     At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

7.     The following employees of Respondent ("the Unit") constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> All occupational classifications of building service employees employed by Trump Village Section 4, Inc. at its 2928 West 5th Street, Brooklyn, New York facility, excluding office clerical employees, professional employees, and supervisors (including but not limited to superintendents and assistant superintendents at the Property) as defined in the National Labor Relations Act, as amended.

8.     Since about 1990, and at all material times, based on Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of the Unit.  This recognition has been embodied in successive collective bargaining agreements, the most recent of which was effective by its terms from November 1, 2016, to October 31, 2021.

9.     (a)     On or about the dates listed below, the Union, by email, requested that Respondent bargain collectively with the Union as the exclusive collective-bargaining representative of the Unit for a successor contract:

(i)     September 1, 2021;

(ii)     October 11, 2021;

(iii)     October 25, 2021;

2

        (iv)     October 26, 2021; and

        (v)     October 27, 2021.

        (b)     On or about the dates listed below, the Union orally requested that Respondent bargain collectively with the Union as the exclusive collective-bargaining representative of the Unit for a successor contract:

        (i)     September 29, 2021; and

        (ii)     October 27, 2021.

10.     Since on or about September 1, 2021, Respondent has failed and refused to bargain with the Union as the exclusive collective-bargaining representative of the Unit.

11.     By the conduct described above in paragraph 10, Respondent has been failing and refusing to bargain collectively and in good faith with the exclusive collective-bargaining representative of its employees in violation of Section 8(a)(1) and (5) of the Act.

12.     The unfair labor practices of Respondents described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

13.     As part of a remedy for the unfair labor practices alleged above in paragraphs 10 through 12, the General Counsel seeks an Order requiring Respondent to: (1) bargain on request within 15 days of a Board Order; (2) bargain on request for a minimum of 15 hours per week until an agreement or lawful impasse is reached or until the parties mutually agree to a respite in bargaining; (3) prepare written bargaining progress reports every 15 days and submit the bargaining progress reports to the Regional Director and also serve the reports on the Union to provide the Union with an opportunity to reply; and (4) make whole employee negotiators for any earnings lost while attending bargaining sessions. The General Counsel further seeks all other relief as may be just and proper to remedy the unfair labor practices alleged.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the complaint.  The answer must be **received by this office on or before May 6, 2022 or postmarked on or before May 5, 2022.**  Respondent also must serve a copy of the answer on each of the other parties.

The answer must be filed electronically through the Agency's website.   To file electronically, go to www.nlrb.gov, click on **E-File Documents**, enter the NLRB Case Number, and follow the detailed instructions.  Responsibility for the receipt and usability of the answer rests exclusively upon the sender.  Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason.  The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21.  If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office.  However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing.  Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations.  The answer may not be filed by facsimile transmission.  If no answer is filed, or if

4

an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the complaint are true.

Any request for an extension of time to file an answer must, pursuant to Section 102.111(b) of the Board's Rules and Regulations, be received by close of business on **May 6, 2022.** The request should be in writing and addressed to the Regional Director of Region 29.

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **June 22, 2022, at 9:30 A.M. at a fifth-floor hearing room at Two MetroTech Center, Brooklyn, New York**, and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board.  At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this complaint.  The procedures to be followed at the hearing are described in the attached Form NLRB-4668.  The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Dated:  April 22, 2022                          /s/  *Nancy Reibstein*
                                             NANCY REIBSTEIN
                                             ACTING REGIONAL DIRECTOR
                                             NATIONAL LABOR RELATIONS BOARD
                                             REGION 29
                                             Two Metro Tech Center
                                             Suite 5100
                                             Brooklyn, NY 11201-3838

Attachments

5

# EXHIBIT D

FORM NLRB-501
(3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case 29-CA-290599 | Date Filed 02/14/2022 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer Trump Village IV | | b. Tel. No. (718) 946-4800 |
|---|---|---|
| | | c. Cell No. |
| | | f. Fax. No. |
| d. Address *(Street, city, state, and ZIP code)* 2928 West 5th Street NY Brooklyn 11224 | e. Employer Representative Igor Oberman General Property Manager | g. e-mail igor@trump4west.com |
| | | h. Number of workers employed 40 |
| i. Type of Establishment *(factory, mine, wholesaler, etc.)* Services | j. Identify principal product or service Residential Cleaning and Maintenance | |

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and
(list subsections) 5                                                    of the National Labor Relations Act, and these unfair labor
practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the
meaning of the Act and the Postal Reorganization Act.

### 2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

--See additional page--

| 3. Full name of party filing charge *(if labor organization, give full name, including local name and number)* Joshua Pomeranz                    Director of Operations Local 804, IBT | | |
|---|---|---|
| 4a. Address *(Street and number, city, state, and ZIP code)* 34-21 Review Avenue NY queens 11101 | | 4b. Tel. No. (718) 786-5700 |
| | | 4c. Cell No. |
| | | 4d. Fax No. |
| | | 4e. e-mail j.pomeranz@teamsterslocal804.org |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

International Brotherhood of Teamsters

### 6. DECLARATION
I declare that I have read the above charge and that the statements
are true to the best of my knowledge and belief.

| (signature of representative or person making charge)                    Joshua Pomeranz Director of Operations (Print/type name and title or office, if any) | Tel. No. (718) 786-5700 |
|---|---|
| | Office, if any, Cell No. |
| Address 34-21 Review Avenue queens NY 11101      Date 02/14/2022 11:26:46 AM | Fax No. |
| | e-mail j.pomeranz@teamsterslocal804.org |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

## Basis of the Charge

**8(a)(5)**

Within the previous six months, the Employer failed and refused to bargain in good faith with the union as the collective bargaining representative of its employees by making unilateral changes in terms and conditions of employment.

| List Changes | Approximate date of change |
|---|---|
| discipline over new punch in procedure | 01/24/2022 |

# EXHIBIT E

**From:** Igor Oberman <igor@trump4west.com>
**Sent:** Friday, February 4, 2022 1:33 PM
**To:** j.pomeranz@teamsterslocal804.org; rherzog.arb@gmail.com.; jlarta@yahoo.com.; 'Randi Lowitt' <relowitt@lowittlaborarb.com>; Joseph Gaba <joseph@trump4west.com>
**Cc:** 'Daniel Rowoth' <dhrowoth@cbdm.com>; 'Robert Sparer' <rasparer@cbdm.com>; 'anthonyc' <a.cerulli@teamsterslocal804.org>; 'Nathaniel K. Charny' <NCharny@charnywheeler.com>; 'Benjamin Dictor' <ben@eisnerdictor.com>
**Subject:** RE: Local 804/ Trump Village- 2 Arbitrations to be scheduled

Mr. Pomeranz,

You emailed me yesterday that you wanted to proceed to arbitration.  Today, on Friday knowing that the management office closes at 2pm for Sabbath observance, you email the arbitrators directly looking for their availability.  You have also cc the offices of Clifton Budd & Demaria, LLP.

First, the law firm of Clifton Budd & Demaria has not been retained to represent the employer for Mr. Richardson and Mr. Walker.  You sent me an email asking for a designation of our representative but yet don't allow me the time to respond.  I am waiting for phone calls to be returned from attorneys other than Clifton Budd & Demaria, LLP, in this regard.

Second, I am not sure if step 1 and step 2 have been followed, or notice has been properly given before we can proceed to arbitration under paragraph 7 of the CBA.  The firm who will be retained to represent the complex will advise me.

**Igor Oberman**
Trump Village West, General Manager

2928 West 5th Street, Brooklyn, New York 11224│Management Office
Tel 718-946-4800 │ Email: igor@trump4west.com



---

**From:** j.pomeranz@teamsterslocal804.org <j.pomeranz@teamsterslocal804.org>
**Sent:** Friday, February 4, 2022 12:59 PM
**To:** rherzog.arb@gmail.com.; jlarta@yahoo.com.; 'Randi Lowitt' <relowitt@lowittlaborarb.com>
**Cc:** 'Daniel Rowoth' <dhrowoth@cbdm.com>; 'Robert Sparer' <rasparer@cbdm.com>; Igor Oberman <igor@trump4west.com>; 'anthonyc' <a.cerulli@teamsterslocal804.org>; 'Nathaniel K. Charny' <NCharny@charnywheeler.com>; 'Benjamin Dictor' <ben@eisnerdictor.com>
**Subject:** Local 804/ Trump Village- 2 Arbitrations to be scheduled

Arbitrators Lowitt, Herzog, and Anner:

The parties have two arbitrations requiring your attention. Please provide your next available dates for hearings. Thank you.

-Josh Pomeranz
Director of Operations, Local 804 IBT
(o) 718-786-5700

# EXHIBIT F

FORM NLRB-501
(3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case<br>29-CA-293803 | Date Filed<br>03/28/2022 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer<br>Trump Village IV | | b. Tel. No.<br>(718) 946-4800 |
|---|---|---|
| | | c. Cell No. |
| | | f. Fax. No. |
| d. Address *(Street, city, state, and ZIP code)*<br>2928 West 5th Street<br><br>NY Brooklyn 11224 | e. Employer Representative<br><br>Igor Oberman<br>General Property Manager | g. e-mail<br>igor@trump4west.com |
| | | h. Number of workers employed<br>40 |
| i. Type of Establishment *(factory, mine, wholesaler, etc.)*<br>Real Estate Operations | j. Identify principal product or service<br>Residential Cleaning and Maintenance | |

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and
(list subsections)  1                                                                            of the National Labor Relations Act, and these unfair labor
practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the
meaning of the Act and the Postal Reorganization Act.

### 2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

--See additional page--

| 3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*<br>Joshua Pomeranz                                         Director of Operations<br>Local 804, IBT | | |
|---|---|---|
| 4a. Address *(Street and number, city, state, and ZIP code)*<br><br>34-21 Review Avenue<br>NY queens 11101 | | 4b. Tel. No.<br>(718) 786-5700 |
| | | 4c. Cell No. |
| | | 4d. Fax No. |
| | | 4e. e-mail<br>j.pomeranz@teamsterslocal804.org |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

International Brotherhood of Teamsters

### 6. DECLARATION
I declare that I have read the above charge and that the statements
are true to the best of my knowledge and belief.

| | Tel. No.<br>(718) 786-5700 |
|---|---|
| *(signature of representative or person making charge)*     Joshua Pomeranz<br>                                                              Director of Operations<br>                        *(Print/type name and title or office, if any)* | Office, if any, Cell No. |
| | Fax No. |
| Address    34-21 Review Avenue<br>              queens NY 11101                          Date  03/28/2022 12:54:15 PM | e-mail<br>j.pomeranz@teamsterslocal804.org |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq*. The principal use of the information is to
assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully
set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the
NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

## Basis of the Charge

**8(a)(1)**

Within the previous six months, the Employer discharged an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, protesting terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

| Name of employee discharged | Approximate date of discharge |
|---|---|
| Wayne Walker | 03/25/2022 |

# EXHIBIT G

----------------------------------------------------------------------------x

In The Matter Of The Arbitration

    between

INTERNATIONAL BROTHERHOOD OF TEAMSTERS
LOCAL 804                           (Union)        **PRE-HEARING**

          -and-                                **INTERIM**

      TRUMP VILLAGE            (Employer)    **DECISION**

**RE: Arbitration Status**
----------------------------------------------------------------------------x

BEFORE: Robert Herzog, Esq.

      TRUMP VILLAGE is hereinafter referred to as "Trump" or the "Employer"

and the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 804 is

hereinafter referred to as the "Union." The Undersigned was designated as

Arbitrator to hear and decide the matter in dispute.

      The following appearances were noted:

## A P P E A R A N C E S

For the Union:

Josh Pomeranz, Esq.
Director of Operations
Local 804 IBT

BY SPECIAL APPEARANCE
For the Employer:
Jennifer Schmalz, Esq.
Ellenoff Grossman & Schole LLP
Attorneys At Law

      ISSUE: Should the arbitration case of the one-day suspension of
Wayne Walker proceed to be heard?

1

# POSITION OF THE EMPLOYER

There are cases currently before the National Labor Relations Board[1]

involving Trump Village and IBT Local 804. The arbitration case should not go

forward due to the multiple, unresolved cases before the NLRB. The Employer's

position throughout the ongoing NLRB proceedings is that the Collective

Bargaining Agreement between the Parties did not expire, but rather renewed itself

for another year by operation of the automatic renewal clause in the CBA.

# POSITION OF THE UNION

The one-day Walker suspension case is arbitrable, properly before the

Arbitrator, and must be heard as soon as possible. The longer this suspension case

is delayed, the longer Mr. Walker is without income and benefits due to a

subsequent discharge that may rely on the validity of the one-day suspension. The

Union's position throughout the ongoing NLRB proceedings is that timely notice

was given to the Employer to commence collective bargaining negotiation for a

new Collective Bargaining Agreement. During such collective bargaining

negotiations, the status quo must be maintained, including the sanctity of the

arbitration provision.

---

[1] The National Labor Relations Board is hereinafter referred to as the "NLRB."

# **DISCUSSION**

A conference call with both Parties' counsel and the Arbitrator occurred on May 3, 2022.  Ms. Schmalz entered into the record that she was not making a general appearance on behalf of the Company, but rather was making a limited Special Appearance for the sole purpose of advocating that the Walker one-day suspension arbitration case should not proceed.

The argument Special Counsel advocated was the expiring CBA between the Parties contained an automatic renewal provision.  It was argued that if the Union did not invoke specific, timely actions, the CBA would automatically renew itself for a one year period.  As the Union failed to take the required timely actions, the CBA, in fact, self-renewed for an additional year.

Union Counsel argued the Union, in fact, did give the Company proper notice required by the expiring CBA to renegotiate the contract.  As the status quo must be maintained by the Parties during collective bargaining negotiations, the arbitration provision, therefore, remains in full force and effect.

The Arbitrator need not make nor does he make any finding as to whether the CBA automatically renewed for one year or was subject to collective bargaining negotiations.  The issue of whether the Walker case should proceed to be heard nonetheless can be and is determined.  Under either Party's CBA position, the same conclusion is reached.

3

Assuming arguendo, that the Employer is correct, the arbitration hearing would proceed at this time as the grievance and arbitration provisions would have been extended for one year.

Assuming arguendo, that the Union is correct and the Parties have a duty to maintain the status quo under the expired CBA while negotiations are ongoing, the arbitration would proceed at this time.

No order by a court of competent jurisdiction enjoining the arbitration case from going forward has issued.  Under both the Employer's and Union's scenarios, the arbitration should proceed at this time.  A Notice of a Virtual Hearing shall issue.

## D E C I S I O N

Based upon the substantial oral argument presented on May 3, 2022:

1. The arbitration case of the one-day suspension of Wayne Walker shall proceed to be heard;

2. A Virtual Hearing concerning the one-day suspension of Wayne Walker is set as follows:

**DATE**:      May 23, 2022

**TIME**:      10:00 A.M.

**VIRTUAL PLATFORM**:      Zoom

3. The Arbitrator retains continuing jurisdiction.

Robert Herzog
Arbitrator

Dated: May 4, 2022

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me this 4th day of May 2022, by Robert Herzog.

Notary Public

INDIRA ALI
MY COMMISSION # GG 336321
EXPIRES: June 13, 2023
Bonded Thru Notary Public Underwriters

Personally Known _____ OR Produced Identification _____✓_____

# EXHIBIT H



UNITED STATES GOVERNMENT
**NATIONAL LABOR RELATIONS BOARD**
REGION 29
Two Metro Tech Center                          Agency Website: www.nlrb.gov
Suite 5100                                     Telephone: (718)330-7713
Brooklyn, NY 11201-3838                         Fax: (718)330-7579

Agent's Direct Dial: (718)765-6200

May 13, 2022

Scott M. Wich, Esq.
Clifton Budd & DeMaria, LLP
350 Fifth Avenue 61st Floor
Suite 6110
New York, NY 10118

Jennifer Schmalz, ESQ.
1345 Avenue of the Americas
New York, NY 10105

Re:    Trump Village Section 4, Inc.
       Case Nos. 29-CA-290599
                 29-CA-293803

Dear Mr. Wich and Ms. Schmalz:

I am writing this letter to advise you that it is now necessary for me to take evidence from your client regarding the allegations raised in the investigation of the above-captioned matter. As explained below, I am requesting to take affidavits on or before **Monday, May 23, 2022** with regard to certain allegations in this case.

**Allegations:**  The allegations for which I am seeking your evidence are as follows.

Local 804, International Brotherhood of Teamsters (IBT) ("Union") alleges that the above-named Employer violated Section 8(a)(1) and (5) of the Act by disciplining and terminating employee Wayne Walker.

Specifically, the Union alleges that the Employer's January 24, 2022 discipline of Mr. Walker violated Section 8(a)(1) and (5) of the Act, and that his March 25, 2022 termination violated Section 8(a)(1) of the Act.

Please also respond to the allegation that the aforementioned termination violated Sections 8(a)(3) and (5) of the Act.

**Board Affidavits:**  I am requesting to take affidavits from Onsite Managers Julio and Michael, Assistant General Manager Joe Gaba, General Manager Igor Oberman,  and any other individuals you believe have information relevant to the investigation of the above-captioned matter.  Please be advised that the failure to present representatives who would appear to have information relevant to the investigation of this matter, for the purposes of my taking sworn

Trump Village Section 4, Inc.                    - 2 -                        May 13, 2022
Case Nos. 29-CA-290599
             29-CA-293803

statements from them, constitutes less than complete cooperation in the investigation of the
charge.  Please contact me by **Wednesday, May 18, 2022** to schedule these affidavits.

        **Documents:**  Please provide the following documents, along with any and all other
evidence you deem to be relevant to the case:

        1.        The latest collective bargaining agreement.

        2.        Any disciplinary documents issued to Mr. Walker from January 1, 2020 to present.

        3.        Any evidence of prior discipline issued to employees similar to that issued to Mr.
                  Walker from January 1, 2020 to present.


        **Date for Submitting Evidence:  Please submit all documents by Monday, May 23,
2022.** Pursuant to Section 102.5 of the Board's Rules and Regulations, parties must submit all
documentary evidence, including statements of position, exhibits, sworn statements, and/or other
evidence, by electronically submitting (E-Filing) them through the Agency's web site
(www.nlrb.gov).  You must e-file all documents electronically or provide a written statement
explaining why electronic submission is not possible or feasible.   Failure to comply with Section
102.5 will result in rejection of your submission.  The Region will make its determination on the
merits solely based on the evidence properly submitted.

        Please contact me at your earliest convenience by telephone, (718)765-6200, or e-mail,
sarah.hurley@nlrb.gov, so that we can discuss how you would like to provide evidence and I can
answer any questions you have with regard to the issues in this matter.

                        Very truly yours,

                         /s/


                        SARAH N. HURLEY
                        Board Agent

# EXHIBIT I

-------------------------------------------------------------------------x

In The Matter Of The Arbitration

     between

INTERNATIONAL BROTHERHOOD OF TEAMSTERS
LOCAL 804                                   (Union)       **DEFAULT**

      -and-                        **AWARD**

       TRUMP VILLAGE       (Employer)

**RE: Wayne Walker: One (1) Day Suspension**
-------------------------------------------------------------------------x
BEFORE: Robert Herzog, Esq.


     TRUMP VILLAGE is hereinafter referred to as "Trump" or the "Employer"

and the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 804 is

hereinafter referred to as the "Union."  The Undersigned was designated as

Arbitrator to hear and decide the matter in dispute.

     The following appearances were noted:


# A P P E A R A N C E S

For the Union:               For the Employer:

Josh Pomeranz, Esq.         No Appearance
Director of Operations
Local 804 IBT

1

ISSUE: Was the one (1) day suspension of Wayne Walker for just cause?

If not, what shall be the remedy?

## B A C K G R O U N D

Trump Village West is a large apartment complex in Brooklyn, New York. Grievant is a Handyman at 2942 West 5ᵗʰ Street, a building within the complex.

On January 10, 2022, the Employer issued an Employee Disciplinary Report with a one (1) day suspension to Grievant.  The Union disagreed with the Employer's action and the matter was moved to arbitration.

## P O S I T I O N   O F   T H E   E M P L O Y E R

No appearance was made by the Employer at the May 23, 2022 arbitration hearing.  From prior correspondence and a Special Appearance by Employer Counsel during a May 3, 2022 Pre-Hearing telephone conference, the Employer's position was that the grievance is not arbitrable.  No Employer position was advocated on the merits of the case.

## P O S I T I O N   O F   T H E   U N I O N

By a May 4, 2022 Pre-Hearing Interim Decision, the Arbitrator ruled that the case was arbitrable and should proceed to be heard on May 23, 2022.

As to the case merits, on January 3, 2022, Grievant arrived to work one-half

hour early and proceeded to work a full day.  The Employee Disciplinary Report with a one-day suspension must be removed from all Employer records and the Grievant be compensated for one day's pay.

## D IS C U S S I O N

### I.        Arbitrability

A conference call with both Parties' counsel and the Arbitrator occurred on May 3, 2022.  Ms. Schmalz entered into the record that she was not making a general appearance on behalf of the Employer, but rather was making a limited Special Appearance for the sole purpose of advocating that the Walker one-day suspension arbitration case is not arbitrable and should not proceed to be heard.

The position basis Special Counsel advanced was the expiring Collective Bargaining Agreement[1] between the Parties contained an automatic renewal provision.  It was argued that if the Union did not invoke specific, timely actions, the CBA would automatically renew itself for a one-year period. Trump advocates the Union failed to take the required timely actions and the CBA, in fact, self-renewed for an additional year.

Union Counsel argued the Union did give the Company proper notice required by the expiring CBA to renegotiate the contract.  As the status quo

---

[1] The Collective Bargaining Agreement is hereinafter referred to as the "CBA."

must be maintained by the Parties during collective bargaining negotiations, the arbitration provision, therefore, remains in full force and effect.

The Arbitrator need not make nor does he make any finding as to whether the CBA automatically renewed for one year or was subject to collective bargaining negotiations.  The issue of whether the Walker case should proceed to be heard nonetheless can be and is determined.  Under either Party's CBA position, the same conclusion is reached.

Assuming arguendo, that the Employer is correct, the arbitration hearing proceeds as the CBA grievance and arbitration provisions would have been extended for one year.  Assuming arguendo, that the Union is correct and the Parties have a duty to maintain the status quo under the expired CBA while negotiations are ongoing, the arbitration proceeds.

Under both the Employer's and Union's scenarios, the arbitration proceeds to be heard on the case merits.

The following Notice of a Virtual Hearing issued on May 4, 2022:

1. The arbitration case of the one-day suspension of Wayne Walker shall proceed to be heard;

2. A Virtual Hearing concerning the one-day suspension of Wayne Walker is set as follows:

   **DATE**:  May 23, 2022

   **TIME**:  10:00 A.M.

   **VIRTUAL PLATFORM**:     Zoom

In response to the Notice of Hearing, the following correspondence was received:

---

**EGS**

Ellenoff Grossman & Schole LLP

1345 AVENUE OF THE AMERICAS – 11TH FLOOR
NEW YORK, NEW YORK 10105
TELEPHONE: (212) 370-1300
FACSIMILE:   (212) 370-788
www.egsllp.com

May 20, 2022

**_Via E-Mail: rherzog.ARB@gmail.com_**
Robert Herzog, Esq.
6 Graphite Drive
Woodland Park, New Jersey 07424

>        Re::    IBT Local 804 & Trump Village
>                ISSUE: Grievance of Mr. Wayne Walker

Dear Arbitrator Herzog,

As you know my firm is counsel to Trump Village in connection with the above-referenced matter. My client is in receipt of the notice of hearing in the case scheduled for Monday, May 23, 2022 at 10am.

This letter will serve as notice of my client's firm and continuing objection to the arbitrability of this grievance and objection to jurisdiction before the arbitrator in this case. Consequently, Trump Village will not be participating in the hearing scheduled in this matter on May 23rd and hereby objects to such proceeding and reserves its right to challenge arbitrability and the validity of any award issued in a court of law.

---

Respectfully

ELLENOFF GROSSMAN & SCHOLE LLP

/s/ Jennifer M. Schmalz

Cc:     Josh Pomeranz, IBT Local 804

        Igor Oberman, Trump Village

---

The Arbitrator placed Employer Counsel on notice that should the Employer not appear on May 23, 2022, the case would proceed as a Default Hearing:

Robert Herzog <rherzog.arb@gmail.com>

May 20, 2022,
3:52 PM

Ms. Schmalz,

On May 3, 2022, the Employer exercised its opportunity to present to this Arbitrator its arguments why the case should not be heard on the merits; the Union had the same

5

opportunity to present its arguments why the case should proceed to be heard on its merits.  A May 4, 2022 Pre-Hearing Interim Decision issued ruling that the arbitration case should proceed to be heard on its merits.  The Decision indicated the hearing would occur on May 23, 2022 commencing at 10 a.m. via Zoom.

Both Parties received a Zoom Invite for the hearing.

During the May 4, 2022 to date period, either Party had the opportunity to obtain an order from a court of competent jurisdiction directing that the arbitration hearing should not go forward on May 23, 2022.  No such court order has been received.  The hearing will go forward on May 23, 2022 as scheduled.  Should the Employer choose not to appear, the arbitration shall proceed as a Default Hearing.

Robert Herzog
Arbitrator

The case is arbitrable.  No order by a court of competent jurisdiction enjoining the arbitration case from going forward has issued.  On May 23, 2022, no appearance was made by the Employer and the arbitration proceeded as a Default Hearing.

II.     The Merits

The following Employee Disciplinary Report was issued to the Grievant:



## TRUMP VILLAGE
### WEST

## Employee Disciplinary Report

**Name: Wayne Walker**          **D.O.H.: July 1, 2021**                     **Position: Handyman**
**Date of Incident: 1/03/2022**     **Time: 8:00 MM**     **Location: 2942 west 5ᵗʰ (maintenance Department)**

### Nature of Incident: (circle applicable)

| | | | |
|---|---|---|---|
| 1. Attendance, punching in and out | 6. Private job on company time | | 11. Violation of Safety Rules |
| 2. Lateness or Early Quit | 7. Destruction of company property | | 12. Drinking or Drugs |
| 3. Unauthorized absence | 8. Unsatisfactory work quality | | 13. Uniform code |
| 4. Refusal to work overtime | 9. Harassment | | 14. Insubordination |
| 5. <u>Policy or procedures violation</u> | 10. Fighting, engaging in violence | | 15. Other, see details below. |

**Incident Details:** (attach additional pages if necessary)

This write-up constitutes official notice of your suspension without pay for one (1) working day for failing to follow procedures pertaining to clocking in - clocking out. You have been verbally instructed individually numerous times and during our work meetings each morning to follow the necessary clock in/clock out procedures.

You failed to clock in at 8 o'clock am on January 3, 2022, to begin your assigned 8-hour schedule, which is a violation of the company policy that required that all employees must "clock in" to begin their work schedule and "clock out for work" at the end of their work schedule.

Your suspension will be served on January 12, 2022, and you must return to work at your regular schedule on January 13, 2022.

Continued failure to follow the clock in and clock out procedures, as well as unacceptable attendance, performance, and/or conduct could result in additional progressive disciplinary measures, which may include suspension without pay and termination of employment. A copy of this write up will be placed in your personnel file

**Employee Statement:** (circle one) I agree with ( I disagree with Employer's Statement )

I don't think that I should be suspended
I am here ½ hour early every day I work hard

**Shop Steward presence requested by employee:**  No  -  Yes

**Disciplinary action:**  ( ) Written warning   ● Suspension   ( ) Termination

**Copy of Disciplinary Report Received:** *Wayne Walker*   Date *1-10-2022*
                              Employee signature

**Signature of supervisor who issued warning:** *[signature]*   Date *1-10-2022.*
                              supervisor signature

7

The Employer had the burden of proving just cause existed for the Employee Disciplinary Report with one-day suspension.  The Employer did not meet its burden.  Grievant's 7:30 a.m. work arrival and full day's work are unrefuted.  The record is devoid of any testimony:

(1) validating the statements contained in the Employee Disciplinary Report;

(2) the existence or application of an Employer Punch In procedure;

(3) the dates and documentation of any alleged verbal instructions given to Grievant concerning Punching In;

(4) the existence of any prior disciplinary action concerning Punching In.

# D E F A U L T   A W A R D

Based upon the unrefuted evidence of the case as a whole:

1.  The grievance is granted;

2.  All copies and references to the January 10, 2022 Employee Disciplinary Report with suspension issued to Wayne Walker shall be removed from Employer files and records;

3.  The Employer shall pay Wayne Walker one day's pay at his January 3, 2022 pay rate;

4.  For professional services rendered for conference calls, reviewing correspondence, the May 3, 2022 procedural arguments conference call, the

May 4, 2022 Interim Pre-Hearing Award, the May 23, 2022 hearing, and this

Award:

A. The Employer shall pay Arbitrator Robert Herzog six thousand dollars

($6,000);

B. The Union shall pay Arbitrator Robert Herzog six thousand dollars ($6,000);

5. The Arbitrator retains continuing jurisdiction should there be a dispute in the

interpretation of this Award.

_____
Robert Herzog
Dated: May 26, 2022                                      Arbitrator

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me this 26th day of May 2022 by Robert
Herzog.

PATRICIA GHOLSTON
Notary Public - State of Florida
Commission # HH 088956
My Comm. Expires Aug 17, 2022

_____
Notary Public

Personally Known _____ OR Produced Identification _FLDL_ H6227604213 9 ¢
Exp 4/19/29

9

# EXHIBIT J

FORM NLRB-5081
(3-11)

**NATIONAL LABOR RELATIONS BOARD**

# QUESTIONNAIRE ON COMMERCE INFORMATION

Please read carefully, answer all applicable items, and return to the NLRB Office. If additional space is required, please add a page and identify item number.

| CASE NAME | CASE NUMBER |
|---|---|
| | 29-CA-296138 |

| **1. EXACT LEGAL TITLE OF ENTITY** (As filed with State and/or stated in legal documents forming entity) |
|---|
| |

**2. TYPE OF ENTITY**

[ ] CORPORATION   [ ] LLC   [ ] LLP   [ ] PARTNERSHIP   [ ] SOLE PROPRIETORSHIP   [ ] OTHER (Specify )

**3. IF A CORPORATION or LLC**

| A. STATE OF INCORPORATION OR FORMATION | B. NAME, ADDRESS, AND RELATIONSHIP (e.g. parent, subsidiary) OF ALL RELATED ENTITIES |
|---|---|
| | |

**4. IF AN LLC OR ANY TYPE OF PARTNERSHIP, FULL NAME AND ADDRESS OF ALL MEMBERS OR PARTNERS**

**5. IF A SOLE PROPRIETORSHIP, FULL NAME AND ADDRESS OF PROPRIETOR**

**6. BRIEFLY DESCRIBE THE NATURE OF YOUR OPERATIONS** *(Products handled or manufactured, or nature of services performed).*

| 7A. PRINCIPAL LOCATION: | 7B. BRANCH LOCATIONS: |
|---|---|
| | |

**8. NUMBER OF PEOPLE PRESENTLY EMPLOYED**

| A. TOTAL: | B. AT THE ADDRESS INVOLVED IN THIS MATTER: |
|---|---|

**9. DURING THE MOST RECENT** *(Check the appropriate box):* [ ] CALENDAR   [ ] 12 MONTHS   or [ ] FISCAL YEAR *(FY DATES _____ )*

| | YES | NO |
|---|---|---|
| A. Did you **provide services** valued in excess of $50,000 directly to customers outside your State? If no, indicate actual value. $_____ | | |
| B. If you answered no to 9A, did you **provide services** valued in excess of $50,000 to customers in your State who purchased goods valued in excess of $50,000 from directly outside your State? If no, indicate the value of any such services you provided. $_____ | | |
| C. If you answered no to 9A and 9B, did you **provide services** valued in excess of $50,000 to public utilities, transit systems, newspapers, health care institutions, broadcasting stations, commercial buildings, educational institutions, or retail concerns? If less than $50,000, indicate amount.   $_____ | | |
| D. Did you **sell goods** valued in excess of $50,000 directly to customers located outside your State? If less than $50,000, indicate amount.  $_____ | | |
| E. If you answered no to 9D, did you **sell goods** valued in excess of $50,000 directly to customers located inside your State who purchased other goods valued in excess of $50,000 from directly outside your State?  If less than $50,000, indicate amount. $_____ | | |
| F. Did you **purchase and receive goods** valued in excess of $50,000 from directly outside your State?  If less than $50,000, indicate amount.  $_____ | | |
| G. Did you **purchase and receive goods** valued in excess of $50,000 from enterprises who received the goods directly from points outside your State?   If less than $50,000, indicate amount. $_____ | | |
| H.   **Gross Revenues** from all sales or performance of services *(Check the largest amount):* [ ] $100,000 [ ] $250,000 [ ] $500,000 [ ] $1,000,000 or more   If less than $100,000, indicate amount. | | |
| I.   **Did you begin operations within the last 12 months?**   If yes, specify date: _____ | | |

**10. ARE YOU A MEMBER OF AN ASSOCIATION OR OTHER EMPLOYER GROUP THAT ENGAGES IN COLLECTIVE BARGAINING?**

[ ] YES   [ ] NO  *(If yes, name and address of association or group).*

**11. REPRESENTATIVE BEST QUALIFIED TO GIVE FURTHER INFORMATION ABOUT YOUR OPERATIONS**

| NAME | TITLE | E-MAIL ADDRESS | TEL. NUMBER |
|---|---|---|---|
| | | | |

**12. AUTHORIZED REPRESENTATIVE COMPLETING THIS QUESTIONNAIRE**

| NAME AND TITLE *(Type or Print)* | SIGNATURE | E-MAIL ADDRESS | DATE |
|---|---|---|---|
| | | | |

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and/or unfair labor practice proceedings and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary. However, failure to supply the information may cause the NLRB to refuse to process any further a representation or unfair labor practice case, or may cause the NLRB to issue you a subpoena and seek enforcement of the subpoena in federal court.

FORM NLRB-501
(3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| **29-CA-296138** | **5/20/2022** |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer<br>Trump Village Section 4, Inc. | | b. Tel. No.<br>(718) 946-4800 |
|---|---|---|
| | | c. Cell No. |
| | | f. Fax. No. |
| d. Address *(Street, city, state, and ZIP code)*<br>2928 West 5th Street<br><br>NY Brooklyn 11224 | e. Employer Representative<br><br>Igor Oberman<br>General Property Manager | g. e-mail<br>igor@trump4west.com |
| | | h. Number of workers employed<br>30 |
| i. Type of Establishment *(factory, mine, wholesaler, etc.)*<br>Services | j. Identify principal product or service<br>Residential Cleaning and Maintenance | |

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and
(list subsections) 5                                                        of the National Labor Relations Act, and these unfair labor
practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the
meaning of the Act and the Postal Reorganization Act.

### 2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

--See additional page--

| 3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*<br>Joshua Pomeranz                                        Director of Operations<br>Local 804, IBT | |
|---|---|
| 4a. Address *(Street and number, city, state, and ZIP code)*<br><br><br>34-21 Review Avenue<br>NY queens 11101 | 4b. Tel. No.<br>(718) 786-5700 |
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-mail<br>j.pomeranz@teamsterslocal804.org |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

| 6. DECLARATION<br>I declare that I have read the above charge and that the statements<br>are true to the best of my knowledge and belief. | Tel. No.<br>(718) 786-5700 |
|---|---|
| | Office, if any, Cell No. |
| _____     Joshua Pomeranz<br>*(signature of representative or person making charge)*     Director of Operations<br>                                              *(Print/type name and title or office, if any)* | Fax No. |
| Address   34-21 Review Avenue<br>            queens NY 11101            Date 05/20/2022 11:49:18 AM | e-mail<br>j.pomeranz@teamsterslocal804.org |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

# Basis of the Charge

**8(a)(5)**

Within the previous six months, the Employer failed and refused to bargain in good faith with the union as the collective bargaining representative of its employees.

**8(a)(5)**

Within the previous six months, the Employer failed and refused to bargain in good faith with the union as the collective bargaining representative of its employees by making unilateral changes in terms and conditions of employment.

| List Changes | Approximate date of change |
|---|---|
| Denying Union access to Company Premesis | 05/09/2022 |
| Refusal to participate in grievance procedure | 05/11/2022 |

# EXHIBIT K

FORM NLRB-501
(3-21)

*First Amended*

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**
First Amended

| DO NOT WRITE IN THIS SPACE | |
| --- | --- |
| Case<br>29-CA-293803 | Date Filed<br>5/31/2022 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| | |
| --- | --- |
| a. Name of Employer<br>Trump Village Section 4, Inc. | b. Tel. No.<br>718-946-4800 |
| | c. Cell No. |
| | f. Fax. No. |

| d. Address *(Street, city, state, and ZIP code)*<br>2928 West 5th Street<br>Brooklyn, NY 11224 | e. Employer Representative<br>Igor Oberman<br>General Property Manager | g. e-mail<br>igor@trump4west.com |
| --- | --- | --- |
| | | h. Number of workers employed<br>40 |

| i. Type of Establishment *(factory, mine, wholesaler, etc.)*<br>Real Estate Operations | j. Identify principal product or service<br>Residential Cleaning and Maintenance |
| --- | --- |

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) 1,3, 5 of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

**2. Basis of the Charge** *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*
On or about March 14, 2022, Wayne Walker was terminated from employment in retaliation for previously exercising his rights under the Contractual grievance procedure. The Employer has refused to participate in the grievance procedure and has refused to bargain with the Union regarding the unjust and illegal discipline of Mr. Walker. The Employer continues to refuse to bargain in good faith in all other aspects of the terms and conditions of employment.

**3. Full name of party filing charge** *(if labor organization, give full name, including local name and number)*
Joshua Pomeranz, Director of Operations, Local 804 IBT

| 4a. Address *(Street and number, city, state, and ZIP code)*<br>34-21 Review Avenue<br>Queens, NY 11101 | 4b. Tel. No.<br>718-786-5700 |
| --- | --- |
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-mail<br>j.pomeranz@teamsterslocal804.org |

**5. Full name of national or international labor organization of which it is an affiliate or constituent unit** *(to be filled in when charge is filed by a labor organization)*

International Brotherhood of Teamsters

| 6. DECLARATION<br>I declare that I have read the above charge and that the statements<br>are true to the best of my knowledge and belief. | | Tel. No.<br>718-786-5700 |
| --- | --- | --- |
| *(signature of representative or person making charge)* | Joshua Pomeranz, Director of Operations<br>*(Print/type name and title or office, if any)* | Office, if any, Cell No. |
| | | Fax No. |
| Address  34-21 Review Avenue, Queens NY 11101 | Date  05-31-2022 | e-mail<br>j.pomeranz@teamsterslocal804.org |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

# EXHIBIT L

**Robert Herzog, Esq.**

—————————————— *Arbitrator* ——————————————

**6 Graphite Drive**                                                    **10566 Regatta Ridge  Road**
**Woodland Park, New Jersey 07424**                       **Boynton Beach, Florida 33473**
**(201) 930-1231**                                                     **(561) 777-7891**
**E-Mail: rherzog.ARB@gmail.com**

June 28, 2022

Josh Pomeranz                              **[j.pomeranz@teamsterslocal804.org]**
Director of Operations
Teamsters Local 804

Jennifer M. Schmalz, Esq.                **[Jschmalz@egsllp.com]**
Ellenoff Grossman & Schole LLP

Daniel F. Murphy, Jr., Esq.              **[dmurphy@bsk.com]**
Bond, Schoeneck & King PLLC


RE: IBT Local 804

&

Trump Village
ISSUE: Grievance of Mr. Wayne Walker


## **NOTICE OF VIRTUAL HEARING**

**DATE**:        July 5, 2022

**TIME**:        10:00 A.M.

**VIRTUAL PLATFORM**:        Zoom



Please refer to previously sent Virtual Hearing Procedures.